# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALI STEPHON ALLEN,

Plaintiff,

v.

C/O REYNAGA, et al.,

Defendants.

/

CASE NO. 1:12-cv-00940-SKO PC

ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE

(Doc. 10)

Plaintiff Ali Stephon Allen, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 11, 2012. On April 10, 2013, the Court issued a screening order dismissing certain claims and finding service of Plaintiff's amended complaint appropriate as to the remaining claims. Plaintiff was provided with service documents and ordered to complete and return them within thirty days. Plaintiff was warned that if he failed to obey the order, the action would be dismissed. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.[1]

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

[1] On April 17, 2013, the United States Postal Service returned the order as undeliverable. A notation on the envelope indicates that Plaintiff has been discharged on parole. However, Plaintiff has not notified the Court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *Id.* (citation omitted).

Based on Plaintiff's failure to comply with the order and his failure to keep the Court apprised as to his current address, the Court is left with no alternative but to dismiss the action. *Id.* This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. *Id.* Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

**Dated: May 31, 2013**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE